USCA1 Opinion

 

 January 27, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ ____________________ No. 92-2106 No. 92-2106 KENNETH L. MAYNARD, KENNETH L. MAYNARD, Plaintiff, Appellant, Plaintiff, Appellant, v. v. NARRAGANSETT INDIAN TRIBE, NARRAGANSETT INDIAN TRIBE, Defendant, Appellee. Defendant, Appellee. ____________________ ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ ____________________ Before Before Cyr, Circuit Judge, Cyr, Circuit Judge, _____________ Campbell, Senior Circuit Judge, Campbell, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. and Boudin, Circuit Judge. _____________ ____________________ ____________________ W. Mark Russo with whom Adler, Pollock & Sheehan, Inc. was on W. Mark Russo with whom Adler, Pollock & Sheehan, Inc. was on ______________ _______________________________ brief for appellant. brief for appellant. John F. Killoy, Jr. with whom Law Office of H. Jefferson Melish John F. Killoy, Jr. with whom Law Office of H. Jefferson Melish ___________________ __________________________________ was on brief for appellee. was on brief for appellee. ____________________ ____________________ ____________________ ____________________ CYR, Circuit Judge. Kenneth L. Maynard appeals from a CYR, Circuit Judge ______________ judgment dismissing his claim for injunctive relief against the Narragansett Indian Tribe. The district court determined that the Tribe possessed sovereign immunity from suit. We affirm for substan- tially the same reasons stated in Section III.A of the unreported district court memorandum and order of dismissal. "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978); see __________________ ________ ___ Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklaho- ___________________ _______________________________________________ ma, 498 U.S. 505, , 111 S. Ct. 905, 909 (1991); Bottomly v. Passam- __ ___ ________ _______ aquoddy Tribe, 599 F.2d 1061, 1066 (1st Cir. 1979). Although sover- _____________ eign immunity may be waived by the tribe, or abrogated by Congress, see Oklahoma Tax, 498 U.S. at , 111 S. Ct. at 910, its relinquish- ___ ____________ ____ ment "cannot be implied but must be unequivocally expressed." United ______ __ _______ ______ States v. Testan, 424 U.S. 392, 399 (1976) (emphasis added); see also ______ ______ ___ ____ Fluent v. Salamanca Indian Lease Auth., 928 F.2d 542, 546 (2d Cir.), ______ ____________________________ cert. denied, 112 S. Ct. 74 (1991) ("When Congress has chosen to limit _____ ______ or waive the sovereign immunity of Indian tribes, it has done so in __ clear language.") (citing Act of July 22, 1958, Pub. L. No. 85-547, _____ ________ 1, providing that tribes may "commence" and "defend" actions against each other) (emphasis added). Maynard contends that the Narragansett Indian Tribe's sovereign immunity should not appertain in these circumstances because its actions encroach on lands to which the Tribe affirmatively relin- quished all legal claim and title. The present action arose out of a boundary dispute with the Tribe, relating to Maynard's allegations that tribal officials repeat- edly trespassed on his property.* The Tribe acquired the land abut- ting Maynard's property in 1978, as part of an overall settlement of its legal claim that the Tribe possessed superior, aboriginal title to 3200 acres in the State of Rhode Island. In return for eventual congressional approval of the land claims settlement terms, see Rhode ___ Island Indian Claims Settlement Act, 25 U.S.C. 1701-1716 (1978), the Tribe agreed that its claims to non-settlement lands in Rhode Island would be extinguished and that the settlement lands by and large would be "subject to the civil and criminal laws and jurisdic- tion of the State of Rhode Island." Id. 1705(a), 1708. ___ Maynard invites us to infer a waiver or abrogation of the _____ Tribe's sovereign immunity, citing to the settlement agreement, the enacting legislation, and excerpts from the legislative history. As the district court correctly noted, however, the proposed inferential leap is impermissible.** Maynard cites no provision or source which ____________________ *Maynard elected not to name individual members of the Tribe as *Maynard elected not to name individual members of the Tribe as defendants, contending that permanent injunctive relief against the defendants, contending that permanent injunctive relief against the Tribe would be the only effective remedy. Tribe would be the only effective remedy. **Moreover, were the proposed inference otherwise permissible, the **Moreover, were the proposed inference otherwise permissible, the provisions cited by Maynard would have to be construed to afford the provisions cited by Maynard would have to be construed to afford the Tribe the benefit of any ambiguity on the waiver-abrogation issue. Tribe the benefit of any ambiguity on the waiver-abrogation issue. See, e.g., Mashpee Tribe v. New Seabury Corp., 592 F.2d 575, 582 n.4 See, e.g., Mashpee Tribe v. New Seabury Corp., 592 F.2d 575, 582 n.4 ___ ____ ______________ _________________ (1st Cir.) (protective statutes enacted for benefit of Indian tribes (1st Cir.) (protective statutes enacted for benefit of Indian tribes are liberally construed in their favor), cert. denied, 444 U.S. 866 are liberally construed in their favor), cert. denied, 444 U.S. 866 _____ ______ 3 even alludes to the concept of tribal sovereign immunity, much less its relinquishment.*** The Tribe's surrender of its right to sue for non-settlement lands neither says nor implies anything about a surrender of its sovereign immunity from suit relating to its territo- rial or extraterritorial actions. Absent explicit congressional authorization to the contrary, the district court had no choice but to dismiss the present action for lack of jurisdiction. Affirmed. ________ ____________________ (1979). (1979). ***The Narragansett Indian Tribe acquired federal status in 1983, see ***The Narragansett Indian Tribe acquired federal status in 1983, see ___ Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 4-5 (1st Cir. Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 4-5 (1st Cir. ___________________________ ________ 1991), a process which entails recognition that the Tribe enjoys "a 1991), a process which entails recognition that the Tribe enjoys "a government-to-government relationship to the United States." 25 government-to-government relationship to the United States." 25 C.F.R. 83.11(a) (1992). Even though it would be of no small signif- C.F.R. 83.11(a) (1992). Even though it would be of no small signif- icance in defining the Tribe's sovereign status, Maynard cites no icance in defining the Tribe's sovereign status, Maynard cites no reference during the 1983 recognition process to an abrogation of the reference during the 1983 recognition process to an abrogation of the Tribe's sovereignty, or to an acknowledgement of any past abrogation Tribe's sovereignty, or to an acknowledgement of any past abrogation or waiver of its sovereign immunity. or waiver of its sovereign immunity. 4